March 11, 1907.

———————o———————

## No. 4126.

(Court of Appeal, Parish of Orleans.)

## MRS. LAURA THOMPSON vs. AMOS LODGE NO. 1487 OF THE GRAND UNITED ORDER OF ODD FELLOWS, OF NEW ORLEANS, LA., et al.

1. The member of a beneficiary organization has no property interest in the benefit, but only the naked power of designating some one to receive it. This designated recipient also has no property nor vested rights in the benefit, because his interest is contingent and uncertain, the power of the member to revoke the appointment and substitute a new beneficiary being specially reserved by the laws of the society, which laws enter into and form a part of the contract.
2. The right to the benefit of the beneficiary named may be-

come lost to him if the rules of the order have subsequently been so modified as to exclude said named beneficiary from the class of persons, the object of which the Order purposes to endow.

3. Where it is shown that the wife who has been designated as the beneficiary, subsequently becomes separated from her husband, and joins him in an endeavor to secure a divorce, both employing and paying the same attorney, and where the husband thereafter, but before obtaining a divorce, remarries, representing to his second wife that he has been divorced from the first, the said marriage will be held to have been contracted in good faith by the second wife, and the issue of said good faith marriage will be deemed to be the *"legal representatives dependent upon him,"* of the deceased member, and to be recognized as entitled to the fund as against the first wife and named beneficiary who was neither dependent on nor a member of the deceased member's family under the intendment of the rules and Constitution of the Endowment Order.

Appeal from the Civil District Court, Division "E."

J. Madison Vance and Edgar M. Cahn, for Plaintiff and Appellant.

H. G. Dupre, for Intervenor.

N. E. Humphreys, Rouse, Grant and Grant, for Defendant and Appellee.

Gus A. Llambias, Tutor ad hoc and Appellant.

ESTOPINAL, J.    The defendant Association, in the Constitution adopted by it at a Grand Lodge meeting held in the City of Monroe, La., July 11th and 12th, 1901, declare the objects of the Order to be as follows:

"To relieve the family or legal representatives of a member in good financial standing who may die, by paying to his beneficiary, or legal representatives, ten cents for every member member who belongs to the endowment."

Article 111, under the caption "Benefits," provides:

Sec. 1.—The Constitution provides that "each and every member of the endowment who dies, his beneficiaries, heirs, or estate, shall receive the sum of ten cents per capita from every member in good standing in the State sixty days after the secretary has received an official notice and proper certificates, etc., etc.

218

Sec. 5, of Article IV, of the Constitution, provides that "each permanent secretary will forward a list of all the members of their Lodges to whom policies are to be issued, and the names of their beneficiaries, in order that the Secretary of the Board can get out policies as rapidly as possible."

Plaintiff, Mrs. Laura Cox (Thompson), claiming to be the widow of Isam S. Thompson, who was a member of the Amos Lodge No. 1487, Grand United Order of Odd Fellows, of New Orleans, La., and belonging to the endowment branch of the Order, sued the above named Lodge to recover the death benefit, alleging that Thompson had designated her as his beneficiary.

The defendant Lodge answered, denying that plaintiff was the designated beneficiary of the deceased, Isam S. Thompson, but that on the contrary, Mrs. Florence Harrison appeared on the records of the Order as the wife and designated beneficiary of Thompson, and that the Lodge had at no time been directed to change the name of said beneficiary, and further answering defendant Lodge averred that the named beneficiary had also demanded payment of the endowment.

Florence Harrison intervened in the suit, claiming the proceeds of the policy as the surviving wife and designated beneficiary.

There were born of the second marriage, two children, and on the day of the trial below, plaintiff entered a motion suggesting a probable conflict of interest between herself and her two minor children. The Court thereupon appointed a tutor ad hoc, who, on behalf of the minors, has intervened, claiming the policy for the minors as the legal heirs of the deceased.

There was judgment below in favor of Mrs. Florence Harrison, intervenor, and both the plaintiff and the tutor ad hoc for the minors, have appealed. The facts are not disputed, and briefly stated are as follows:

Florence Harrison, Intervenor, and Isam Thompson, were legally married on the 13th of May, 1895, and the marriage was only dissolved by the death of Thompson. They were never divorced, though there is some evidence to show that their marriage life, in later years, was not pleasant, an dthat both husband and wife consulted the same attorney with the view of securing a divorce.

ιнat Isam Thompson became a member of Amos Lodge, defe идant, in 1897, and that some time after the establishment of tl.. endowment plan in 1901, a policy was issued him carrying the benefit set forth in the Constitution, (Article IV. Sec. 1.).

That in March, 1902, in open meeting of the Lodge he designated his wife, Florence Harrison, intevenor herein, as his beneficiary.

On the 20th of February, 1904, Thompson, though not divorced from his first wife, intervenor, accepted a second marriage with plaintiff, two children being born of said second marriage.

It is urged by the tutor ad hoc that plaintiff having contracted this marriage in good faith, the marriage produces its civil effects in favor of the children born of the marriage.

Art. 118 C. C.

We have examined carefully the evidence in the record, and from our appreciation of it, are of opinion that plaintiff was in absolute good faith when she contracted the marriage with Thompson, and she was ignorant up to the time of his death of the fact that he had not, as represented to her by him, secured a divorce.

The marriage was not secret, and nothing occurred to cause plaintiff to suspect that all was not right. Her children, issue of her marriage with Thompson, were christened in a public house of worship, and she was everywhere received as the wife of Thompson.

It is shown that on the occasion of some ceremony in the house of and under the auspices of the defendant Lodge, plaintiff participated prominently, she being named in the programme as Mrs. Isam Thompson. At this function she read a paper. She was known and looked upon by the brother Lodge members of Thompson as the wife of the latter.

We incline to the belief that even Isam Thompson (deceased) may have been in good faith, and conscientiously believed that he had been divorced from his first wife. He had employed and paid counsel, and his wife had joined him in the effort to destroy the bonds that joined them as man and wife.

It is fair to presume that Thompson knew that he could not contract a second marriage so long as the first had not been

set aside without incurring severe punishment, and that when he did publicly marry and publicly proclaim plaintiff to be his wife, he must have thought, in perfect good faith that he was free to marry her.

We are satisfied that the rights of the children born of the marriage which, as we find was contracted in good faith are unassailable, and the question for us to determine is as to whether the legal wife, intervenor, is entitled to any portion of policy.

It is true Florence Harrison is the named beneficiary, but she enjoys on that acocunt no vested right to the policy, since her right may be destroyed either by revocation of the member or by alteration or amendment of the laws of the Society.

Bacon says at Sec. 289:

The member of a beneficiary organization has no property interest in the benefit, but only the naked power of designating some one to receive it. This designated recipient also has no property nor vested rights in the benefit, because his interest is contingent and uncertain, the power of the member to revoke the appointment and substitute a new beneficiary being specially reserved by the laws of the Society, which laws enter into and form a part of the contract."

In the case of Annie E. Meyers vs. Mrs. Mary Meyers, et als., Book of Opinions, No. 11 p. 346, this Court said:

"A mutual benefit society is not a life insurance company in the restricted sense in which that term is used in our Statute in relation to life insurance companies; nor is a certificate of membership in such society a policy of life insurance in the same restricted sense of the term; yet it is manifest that such membership certificate is in the nature of a mutual life insurance policy. Such contracts are, therefore, subject to the rules of law governing life insurance policies, except so far as those rules must be held to be modified by the peculiar ORGANIZATION OBJECTS and POLICY of such societies."

Applying these authorities to the case at bar in connection with an amendment to the Constitution of the defendant Order, which amendment was adopted subsequent to the designation of Florence Harrison as beneficiary of Isam Thompson,

and taking into consideration the objects and purposes of the Order, we are of opinion that the rights of intervenor as the beneficiary have been lost.

The amendment is as follows:

## ARTICLE III.

"Section 3.—In the event that a brother dies without any legal representatives who are dependent upon him, nor any relative, the sum of ten cents (10 cents) per capita shall be collected, and, if collected before it is known that the brother is without the beneficiaries named, then said amount shall be placed to the credit of the individual lodges subject to their order."

Our interpretation of the amendment leads us to the conclusion that its purpose is to eliminate as far as practicable undeserving claimants, or persons who are not of the family or *not dependent upon the member.* The objects of the Association are plainly to aid and succor those. Intervenor herein, first and legal wife of Isam Thompson, cannot be said to have been dependent upon Thompson. She had been separated from him voluntarily for several years before his death, and had agreed with him to obtain a dissolution of their marriage.

The plain language of the amendment to the Constitution of the defendant Lodge, cannot be misunderstood: "In the event that a brother dies *without any legal representatives who are dependent upon him,* the sum of ten cents shall be collected, etc. etc."

W are of opinion that under this law of the Order, had Thompson died without contracting a second marriage, but had been separated for years from his wife, who had joined him in seeking a divorce, the Order could have resisted the levy of the ten cents contribution on the ground that the member had died leaving no one dependent upon him.

Under the conditions and circumstances of this case and conformably to the interpretation placed by us on the By-laws and Constitution of defendant Lodge, we have concluded that the endowment fund due by the Order to the "legal representatives dependent" upon him, should be paid to the children, issue of his second marriage.

For the reasons assigned, it is hereby ordered, adjudged and

222

decreed, that the Judgment appealed from be set aside, avoided, and reversed, and now proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that plaintiff's suit as well as the intervention of Mrs. Florence Harrison, be, and the same are hereby disallowed, and it is further ordered, adjudged and decreed, that the intervention of the minors, Robert Clinton Thompson, and Isam S. Thompson, be maintained, and they are therefore declared to be entitled to the fund deposited in the registry of the Civil District Court of the Parish of Orleans, by the defendant, the Endowment Bureau of the Louisiana Division Grand Lodge No. 21, Grand United Order of Odd Fellows and Amos Lodge No. 1487, amounting to the sum of four hundred dollars ($400.00). The costs of the lower Court as well as the costs of appeal to be taxed against plaintiff and the intervenor, Florence Harrison.

March 11, 1907.

Rehearing refused March 25, 1907.

Writ refused by Supreme Court May 1, 1907.